## ACTION FOR REFORMATION OF DEED OR MORTGAGE.

Circuit Court of Cuyahoga County.

Eugene Schawzenbash v. Emma B. Assmus et al.

Decided, May 17, 1909.

*Appeal—Ejectment on Mortgage—Statute of Limitations.*

1. An action for the reformation of a deed or mortgage and recovery of the possession of the premises therein described, presents an issue not triable to a jury, and is appealable.
2. In an action in ejectment brought by the assignee of a mortgage which was not recorded until long after condition broken, the statute of limitations begins to run upon maturity of the note secured by the mortgage.

*A. J. Martin,* for plaintiff in error.
*H. L. Smith,* contra.

Taggart, J. (sitting in place of Marvin, J.) ; Winch, J., and Henry, J., concur.

This case is in this court by appeal from the court of common pleas, and the first question that is presented is upon the motion of the plaintiff to dismiss the appeal herein for the reason that the case is not appealable under the statute.

It is contended on behalf of this motion that this is an action for the recovery of specific real property and that under Section 5130, Revised Statutes, the same is triable to a jury unless a jury be waived. That while the second amended petition seeks a reformation of the mortgage which the plaintiff is asserting in respect to lot 65, no reformation is sought by the action in respect to lot, or a portion of lot 64. But as we construe the description contained in the petition which, it is alleged, is a correct description of the premises, the manifest intention was to describe one parcel or lot of land and not two distinct parcels; therefore, it was necessary to have a correction of this description through the aid of equity before the plaintiff could secure possession of this real estate. That being the case, we think the case is ruled by the case of *Rowland* v. *Entrekin,* 27 Ohio St., 47:

"In a civil action, where the facts stated in the petition, and the nature of the relief primarily demanded are within the sole jurisdiction of a court of equity, neither party can, of right, demand that the issues of fact made by the pleadings touching the plaintiff's right to such relief, shall be tried by a jury; and, therefore, after final judgment, adverse to the plaintiff, in the court of common pleas, he may appeal such a case to the district court.

"And this right of appeal is not affected by the fact that the plaintiff also demands a money judgment by way of damages to which he may incidentally be entitled, as a result of his obtaining the equitable relief sought."

See also the case of *Ellsworth* v. *Holcomb,* 28 O. S., 66 and 69.

The motion to dismiss the appeal is overruled, with exceptions.

The case is also submitted upon the pleadings. The answer to the second amended petition, among other things, pleads the bar of the statute of limitations; that more than twenty-one years have elapsed since the right of action accrued upon said mortgage.

It is claimed by the counsel for plaintiff herein that while this mortgage was executed in 1875, that it was not recorded until 1896, and that as to third parties, it only took effect from the date of the filing of the same with the recorder of the county.

This is not in accord with our views of the case, or with the authorities as we understand them. ·

The plaintiff seeks to recover possession of this property under this mortgage by reason of the fact of the condition therein being broken and that he is entitled to recover the possession of the premises described therein.

It appears from the pleadings that the mortgage was given in 1875 to secure a note which became due in 1876. At that time the condition contained in the mortgage was broken and the right of the mortgagee to bring ejectment thereby accrued. The statute of limitations at once began to run and having once commenced to run nothing appears in this record that would stop the running of the statute.

In the case of *Bradfield et al* v. *Hale et al,* 67 O. S., 316, the court lays down the rule, as follows:

"As between the mortgagor and mortgagee, in a mortgage on real property, after condition broken, the legal title to the mortgage premises is in the mortgagee, and he may elect, either to sue for foreclosure and sale, or bring ejectment to recover possession of the premises.

"If his action is in ejectment, the statutory bar of fifteen years as provided in Section 4980, Revised Statutes, does not apply. The bar is such case is twenty-one years as provided in Section 4977, Revised Statutes."

By the assignment to the plaintiff by the original mortgagee no higher rights were derived by the plaintiff than existed in said mortgagee, and the statute having commenced to run as against an action in ejectment against said mortgagee the same continued against the plaintiff herein, and upon the pleadings herein the defendant was entitled to judgment.

The judgment of the court is that the defendants herein should recover of the plaintiff their costs herein expended, taxed at $——, and plaintiff pay his own costs. Exceptions will be noted.